13852

HUDSON v. CHESTER COUNTY

(174 S. E., 477)

Before STOLL, J., Chester, April, 1932.

*Mr. J. M. Wise,* for appellant,

*Messrs. McDonald, Macaulay & McDonald,* for respondent,

May 16, 1934.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN.

Because of the death of Miss Willie Hudson in an automobile accident about four and a half miles from the City of Chester, her father, as administrator of her estate,

brought suit against Chester County. He alleged defects in and negligent repair of the highway as being the proximate cause of the death of his daughter when she, while riding in a Ford car with her two sisters, was thrown into a ditch on the side of the road and instantly killed. The suit resulted in a verdict for the plaintiff in the sum of $1,500.00, and, from the judgment entered thereon, this appeal is taken.

As is very frequently the case, a very tragic result seems to have been caused by a most unusual, not to say insignificant, defect in the road. The highway had been top-soiled shortly before the accident, and it appears that a ridge of top-soil about ten inches high had been left in the center of the road. A day or two before the accident that section of the State was visited by a very heavy snowstorm, and the weather following the storm was extremely cold. On the morning of the accident, December 23, 1930, the ground was frozen and the ten-inch ridge of top-soil in the middle of the road was frozen hard. About 8 o'clock on the morning of December 23d the three sisters were on their way to Chester, each being engaged as a clerk in one or more mercantile establishments of that city. At that hour, on that date, the sun was not high enough to melt the frozen ground, and when the Ford in which they were riding struck the frozen ridge it bounced to one side and plunged into the ditch at the side of the road. The result, fatal to Miss Willie Hudson, an unmarried daughter about thirty years of age who lived with her parents, has been mentioned above.

The County of Chester has appealed to this Court, and by fifteen exceptions imputes error to the Circuit Judge. These exceptions charge error in refusing motions for nonsuit, directed verdict, and new trial for the following reasons:

(a) No evidence to show that the defect in the road was the proximate result of neglect or mismanagement on the part of the county.

(b) No evidence to show that the deceased did not bring about her own injury or negligently contribute thereto.

(c) That the death of the deceased was due solely to an independent intervening cause, to wit, negligence of the driver of the car.

(d) Error is also charged in that the presiding Judge refused to charge two requests submitted by the defendant, later to be considered.

It appears from the testimony that after the snowstorm the county sent its road force to scrape the road, removing the snow from the middle of the road to the sides, and that a bump or ridge some ten inches high and eight feet long was left in the center of the road. It was testified, too, by a witness for the plaintiff that the top-soil was improperly spread, and also that the car jumped to one side about three feet when it struck the frozen ridge. Under this and other similar testimony the error as charged in (a) above is not apparent.

The error charged under (b) above, based upon the contributory negligence of the deceased, cannot be sustained. More than one inference can readily be drawn from the conflicting testimony, and the Circuit Judge rightly submitted the question to the jury under a very appropriate charge. That the testimony was contradictory as to the condition of the road is shown by the following statement appearing in the brief of counsel for the appellant: "There was contradictory testimony as to the condition of the road at the time of the accident."

The error charged under (c) above, to the effect that a nonsuit or a directed verdict should have been granted because of the independent act of negligence on the part of the sister of the deceased who was driving the car, overlooks entirely the proof of the defective condition of the highway. The proximate cause of this deplorable accident was properly left to the consideration of the jury who, the record shows, went to the scene of the accident during the trial and rendered their verdict after an inspection of the general condition of the premises.

■ Error is charged by reason of the refusal of the presiding Judge to charge as follows: "The expression 'its neglect or mismanagement' in the statute means the neglect or mismanagement of some officer or representative of the County who has control over its highways and who has authority to direct the repairs of the highway, and does not include laborers upon the highway who work under the representatives of the County."

It is argued that the negligent repairs must have been done by some executive of the county who had authority to order repairs to the highway, and that the county would not be liable if the defects or negligent repairs were caused by a laborer who was directed to do the work. Even if inclined to adopt this narrow construction of the statute, we would be forced to say that the request to charge was fully covered by the presiding Judge in his general charge when he said: "Did the County, and when I say the County I mean the officers of the County who had the road in charge building or repairing it, did they repair it as a reasonably prudent and cautious person would have done under the same circumstances?" This charge substantially covered the request.

■ Error is likewise charged for refusal on the part of the Circuit Judge to charge as follows: "The County would not be liable in damages for any mismanagement or negligence of the driver of the car in which the plaintiff's intestate was riding when the fatal injury occurred, even if the plaintiff's intestate was a guest in the car, if the negligence or mismanagement on the part of the driver was the proximate cause of the fatal injury."

It appears that the presiding Judge charged the jury in a general charge as follows: "Now there is another element: If the death of the intestate, that is of Miss Willie Hudson, was caused through the negligence, the County wasn't negligent, and her death was caused by the negligence of somebody else, why then, of course, there would be no liability against the County."

The charge as given is so similar to the refused request that this Court cannot say, as matter of law, that the refusal to charge as requested was prejudicial error.

For a full consideration and construction of the statute under which this action is brought, reference, is made to the case of *Reeves v. City of Easley*, 167 S. C., 231, 166 S. E., 120, and the complete citation of authorities thereunder.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.